UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DERAY SMITH,

                 Plaintiff,                Case No. 1:13-cv-362

v.                                          Honorable Paul L. Maloney

PETERSON & PALETTA, PLC,

                 Defendant.
_____/

**OPINION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff DeRay Jerome Smith presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC). He sues the law firm of Peterson & Paletta, PLC, of Grand Rapids, Michigan.

Plaintiff alleges that he has been enrolled in the MDOC Legal Writers Program since 2004. At some point thereafter, IBC contracted with Peterson & Paletta to run the program. Plaintiff alleges that he needed to have a federal habeas corpus action filed by January 2007, but it was not filed until almost three years later. Plaintiff complains that the delay caused him to be unnecessarily held in custody for the intervening period and he appears to allege that his petition ultimately was denied as untimely. Plaintiff then attempted to get a copy of the Legal Writers Program records related to his case, but his request was denied. He filed a grievance, which was denied on August 20, 2012, on the grounds that the file he sought no longer existed.[1]

For relief, Plaintiff seeks an order remanding the dismissal of his federal habeas action, *Smith v. Rapelje*, No. 2:09-cv-14876 (E.D. Mich. May 11, 2012)[2], back to the habeas judge for consideration of documents demonstrating that the delays in filing the habeas documents were caused by the Legal Writers Program.

---

[1] The Court notes that Plaintiff has subsequently received a copy of the electronic file of communications between the legal writer and Defendant Peterson & Paletta about Plaintiff's case. He has filed the documents, together with a motion to amend his complaint to attach the documents. (Mot. to Amend & Attach., docket #8, Page ID##31-69.) The Court hereby grants his motion. The Court also notes that the supplemental documents reflect extensive activity by the Defendant and the legal writer on Plaintiff's appeals in the state courts, his two motions for relief from judgment in the state courts and subsequent appeals, and his 2009 habeas petition.

[2] Plaintiff refers to his federal habeas action only as "habeas corpus petition #14876." (Compl., docket #1, Page ID#4.) Based on that reference and a review of the electronic docket of the Eastern District of Michigan, the Court has been able to identify the case.

**Discussion**

I.      Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(I)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed

by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff contends that Peterson & Paletta, PLC, through their approval of Plaintiff's legal documents and supervision of Plaintiff's prison legal writer[3], provided inadequate legal assistance when they allowed Plaintiff's habeas corpus action to be filed after the expiration of the statute of limitations, thereby impairing Plaintiff's right of access to the courts. He seeks an order requiring Hon. Bernard Friedman to reconsider his May 11, 2012 opinion and judgment denying habeas relief, in light of the electronic records of his legal writer's case file.

Plaintiff's access-to-the-courts claim fails because he seeks relief not available from either this Defendant or this Court. Defendant Peterson & Paletta is not capable of delivering the requested relief. Further, the undersigned has no authority to order another federal district judge to take any action in another case. If Plaintiff seeks relief from Judge Friedman's dismissal of his habeas action, his only remedies are by way of a motion for relief from judgment in that action or

---

[3] The MDOC has established a prison legal writer program whereby prisoners can be trained to provide assistance to other prisoners who are unable to effectively help themselves in the preparation of legal materials. *See* MDOC Policy Directive 05.03.116 ¶ P (eff. July 21, 2008). According to MDOC's policies and the allegations of the complaint, the prison legal writers work under the direction of private attorneys contracted by the MDOC, like those at Peterson & Paletta, PLC.

by appeal to the Sixth Circuit.[4] Because Plaintiff seeks relief not available in this civil rights action, he fails to state a claim.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated:   June 14, 2013                                /s/ Paul L. Maloney
                                                     Paul L. Maloney
                                                     Chief United States District Judge

---

[4] It is apparent that Plaintiff understands the availability of these remedies, as he filed numerous motion for relief from judgment, *Smith*, No. 2:09-cv-14876 (docket ##39, 51, 58), a notice of appeal, *id.* (docket #43), as well as numerous other motions, *id.* (docket ##37, 45, 46, 49, 53). All but the most recent motion for relief from judgment have since been denied, and the Sixth Circuit has denied Petitioner a certificate of appealability. *Id.* (docket ##38, 54, 55). In his most recent motion for relief from judgment, which was filed on April 12, 2013, Plaintiff seeks equitable tolling of the habeas statute of limitations on the basis of the delays caused by the Legal Writers Program, using the identical arguments and supporting documents filed in the instant action. *Id.* (docket #58). Plaintiff's entitlement to relief based on those arguments is therefore pending before and properly decided by the court in *Smith*, No. 2:09-cv-14876.